| | |
|---|---|
| **JUANITA KIRKSEY,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION NO. 3:24-CV-00846** |
| **CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY,** | |
| Defendant. | |
| **DARIELLE HILL,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION NO. 3:24-CV-00847** |
| **CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY,** | |
| Defendant. | |
| **CHRISANNA BROWN,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION NO. 3:24-CV-00848** |
| **CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY,** | |
| Defendant. | |
| **SEBESTIEN OWENS,** | |
| Plaintiff, | |

|  |  |
|---|---|
| v.<br><br>**CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY,**<br><br>      Defendant. | **CIVIL ACTION NO. 3:24-CV-00851** |
| **PRISCILLA UNDERWOOD,**<br><br>      Plaintiff,<br><br>v.<br><br>**CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY,**<br><br>      Defendant. | **CIVIL ACTION NO. 3:24-CV-00858** |
| **LAMEEKEA CHAMBERS,**<br><br>      Plaintiff,<br><br>v.<br><br>**CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY,**<br><br>      Defendant. | **CIVIL ACTION NO. 3:24-CV-00887** |
| **EDWARD ISAACS,**<br><br>      Plaintiff,<br><br>v.<br><br>**CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY,** | **CIVIL ACTION NO. 3:24-CV-01025** |

**Defendant.**

## ORDER TO CONSOLIDATE CASES

**THIS MATTER** is before the Court to consider whether the seven cases captioned above, which all arise from a single "data breach" incident involving the Defendant, should be consolidated. The Court has previously entered an Order to Show Cause soliciting the Parties' position on consolidation and has carefully considered their responses. For the reasons discussed below, the Court will order that these cases be consolidated for all purposes, including trial, subject to the opportunity for a party to request separate treatment of a particular issue for good cause.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact . . . to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "The decision of whether to consolidate cases pending in the same district is a matter of broad discretion for the trial court." *Reliable Broad., Inc. v. Liberty Indus., L.C.*, No. 5:08-CV-32-BR, 2008 WL 11381886, at *1 (E.D.N.C. Apr. 28, 2008) (citing *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977)). The court should consider:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned.

*Id.* (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)). Further, district courts have the inherent authority to order consolidation *sua sponte. Pickle v. Char Lee Seafood,*

*Inc.,* 174 F.3d 444, 447 (4th Cir. 1999) (acknowledging authority although determining consolidation to be inappropriate under the facts.).

## II. DISCUSSION

Each of these seven cases arise from an alleged April 2024 data breach at Charlotte Mecklenburg Hospital Authority d/b/a Atrium Health involving the protected health information ("PHI") and personally identifiable information ("PII") of over 32,000 patients.[1] Each of the seven cases pending before the Court was filed between September 18, 2024, and October 3, 2024. They all assert nearly identical claims and involve common questions of law and fact.

Plaintiffs Kirksey, Hill, Brown, Owens, and Underwood consent to consolidation. *See* Case No. 3:24-cv-846, Doc. No. 10; 3:24-cv-847, Doc. No. 11; 3:24-cv-848, Doc. No. 10; 3:24-cv-851, Doc. No. 13; and 3:24-cv-858, Doc. No. 14. Plaintiff Chambers has not provided a response to the show cause order. Case No. 3:24-cv-887. Plaintiff Isaacs opposes consolidation because he plans to file a motion to remand. *See* Case No. 3:24-cv-1025, Doc. No. 13. For its part, Defendant states that it takes no position as to consolidation. *See* Case Nos. 3:24-cv-846, Doc. No. 9; 3:24-cv-847, Doc. No. 10; 3:24-cv-848, Doc. No. 9; 3:24-cv-851, Doc. No. 12; 3:24-cv-858, Doc. No. 13; 3:24-cv-887, Doc. No. 16; and 3:24-cv-1025, Doc. No. 12.

The Court finds that consolidating the cases will reduce the risk of inconsistent adjudication of common factual and legal issues and is not outweighed by any risk of prejudice or confusion. Further, given that all the cases were originally filed in or removed to the Western District of North Carolina, the risk of burden to the parties and witnesses is minimal. Finally, it would further the

---

[1] *Breach Portal*, Department of Health and Human Services Office for Civil Rights, https://ocrportal.hhs.gov/ocr/breach/breach_report.jsf (last accessed December 3, 2024).

interests of justice and the efficient use of the parties' and the Court's resources if the cases were consolidated for all purposes, including trial.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Case Nos. 3:24-cv-846, 3:24-cv-847, 3:24-cv-848, 3:24-cv-851, 3:24-cv-858, 3:24-cv-887, and 3:24-cv-1025 are hereby consolidated, without prejudice to any party's ability to seek permission from the Court to file motions or take some action separately.

2. Case No. 3:24-cv-846 is designated as the lead case and all future filings shall be in this case only.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 23, 2024

Kenneth D. Bell
United States District Judge