IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00846-KDB-SCR

| | |
|---|---|
| EDWARD ISAACS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, D/B/A ATRIUM HEALTH,<br><br>　　Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Edward Isaacs' Motion to Remand (Doc. No. 12). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will **DEFER** ruling on the motion to remand and **GRANT** limited jurisdictional discovery in advance of a final ruling on the motion.

## I.　　LEGAL STANDARD

Whether a court has subject matter jurisdiction is a "threshold matter" that a court must consider prior to reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, (1998); *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). District courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and Statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Article III of the United States Constitution states that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under . . . the Laws of the United States." U.S. Const. art. III, § 2, cl. 1. Accordingly, 28 U.S.C. § 1331 grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

1

The two primary sources of subject matter jurisdiction are diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states and in certain other circumstances as discussed below. *See* 28 U.S.C. § 1332. Federal question jurisdiction permits an individual—regardless of the value of the claim—to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. *See* 28 U.S.C. § 1331. Federal question jurisdiction requires that "the federal question appears on the face of a well-pleaded complaint." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 258 (1992).

Subject matter jurisdiction cannot be conferred by the parties, nor can a defect in subject matter jurisdiction be waived or forfeited by the parties. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *U.S. v. Wilson*, 699 F.3d 789, 793 (2012). Under 28 U.S.C. § 1441, a defendant may remove a case from state court to federal district court if the district court has original jurisdiction. However, when faced with a motion to remand, a party seeking removal to federal court bears the burden of establishing federal jurisdiction. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (quoting *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). Removal jurisdiction raises significant federalism concerns; therefore, in considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Goucher Coll. v. Cont'l Cas. Co.*, 541 F. Supp. 3d 642, 647 (D. Md. 2021) (quoting *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997)); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

## II. FACTS AND PROCEDURAL HISTORY

Defendant Charlotte-Mecklenburg Hospital Authority ("Atrium" or "Defendant") is a health system incorporated in North Carolina. Doc. No. 23 at ¶ 20. It offers a wide range of clinical services throughout North Carolina, South Carolina, Georgia, and Alabama. Doc. No. 12-1 at 3, n.1. To provide healthcare services, Defendant regularly obtains and stores the protected health information ("PHI") and other sensitive data of its patients. Doc. No. 23 at ¶ 31. On or around April 29, 2024, Defendant was hit with an unlawful phishing attack which resulted in a data breach involving the PHI and sensitive data of over 32,000 patients (the "Data Breach"). *Id.* at ¶¶ 36, 156.

On September 18, 2024, Plaintiff filed a proposed putative class action suit, alleging violations of the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Trade Commission Act ("FTC Act"), and asserting several state law claims, including negligence, negligence per se, breach of implied contract, and unjust enrichment, all arising out of the Data Breach. *Id.* at ¶¶ 48, 68; pp. 49-54. Defendant timely removed the matter under the Class Action Fairness Act ("CAFA"), which gives a federal court diversity jurisdiction over a putative class action with an amount in controversy that exceeds $5 million,[1] exclusive of interest and costs, more than 100 members in the proposed class, and at least one class member who is a citizen of a state different from Defendant. *See* 28 U.S.C. § 1332(d). Plaintiff has now moved to remand on two grounds: (1) Defendant will likely—but has not yet—filed a Motion to Dismiss alleging a lack of standing, and thus improperly removed the case, and (2) either CAFA's "local controversy exception" under 28 U.S.C. § 1332(d)(4)(A), or "home state exception" under § 1332(d)(4)(B), require the Court to remand. *See* Doc No. 12-1. Also, to support his efforts to prove that a §

---

[1] While Plaintiff alleges an amount in controversy of greater than $5 million, that amount appears to be based on speculative, non-specific and/or non-monetary future harm. However, for purposes of this limited Order the Court need not and does not decide whether the required amount in controversy has been met.

3

1332(d)(4) exception applies, Plaintiff asks the Court to order limited jurisdictional discovery. *Id.* Defendant opposes both limited jurisdictional discovery and a remand, asserting that removal was proper under CAFA. *See* Doc. No. 19. These issues have been fully briefed and are ripe for the Court's review.

### III. DISCUSSION

As previously stated, subject matter jurisdiction is a threshold issue that must be resolved before other issues, including issues of standing[2] (which commonly arise in cases like this) are addressed by the Court. Under § 1332(d)(4)(A) a district court must remand a class action where: (1) greater than two-thirds of the members of the proposed plaintiff class in the aggregate are citizens of the state in which the action was filed, (2) at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted is a citizen of the state in which the action was originally filed, (3) where the principal injuries from the alleged conduct were incurred in the state in which the action was originally filed, and (4) during the three years preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants. Under § 1332(d)(4)(B) a district court must remand a class action where two-thirds or more of the members of the proposed plaintiff class in the aggregate and the primary defendants are citizens of the state in which the action was originally filed.

---

[2] As noted above, Plaintiff argues that the case should be remanded because Defendant is expected to seek dismissal on the grounds that Plaintiffs lack standing. This is a puzzling argument; in effect, Plaintiff asks the Court to send the case back to state court because of the possibility, in Plaintiff's view, that he will lose on the merits (for a lack of standing). However, whether the Court has subject matter jurisdiction is a different issue from standing. And, if the Court does have jurisdiction, then it must rule on the merits of Plaintiff's claims, including the question of standing.

4

Case 3:24-cv-00846-KDB-SCR    Document 25    Filed 02/13/25    Page 4 of 7

Plaintiff asks the Court for limited jurisdictional discovery, asserting his "good faith belief" that if discovery is permitted then it will show that greater than two-thirds of the potential class members are from North Carolina, such that the Court must remand the case under one of the CAFA exceptions under § 1332(d)(4) for lack of subject matter jurisdiction. *See* Doc. No. 12-1 at 9; 28 U.S.C. § 1332(d)(4) ("A district court shall decline to exercise jurisdiction …")

This Court is vested with broad discretion in deciding whether to allow jurisdictional discovery. *See Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56 (4th Cir. 1993) (Courts have "broad discretion in [resolving] discovery problems" including limited jurisdictional discovery). While the Fourth Circuit has not yet addressed directly whether plaintiffs are entitled to jurisdictional discovery to prove a CAFA exception, the Fifth Circuit suggests that limited jurisdictional discovery by a plaintiff may be permissible in some circumstances to establish class citizenship under CAFA. *See Simring v. GreenSky, LLC,* 29 F.4th 1262, 1268 (11th Cir. 2022) (holding that plaintiffs failed to prove the two-thirds requirement by "rest[ing] on the pleadings" and "forego[ing] the opportunity conduct limited discovery as contemplated by CAFA") (quoting *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 803 (5th Cir. 2007)). Further, other district courts have allowed jurisdictional discovery where a plaintiff does not have access to information sufficient to establish class citizenship. *See Young v. Integrity Healthcare Communities, LLC*, 513 F. Supp. 3d 1043, 1052 (S.D. Ill. 2021) (limited jurisdictional discovery is available to prove CAFA exceptions where "plaintiff has made a sufficient showing that the [] exception likely applies" and "the requested class information is readily available to the defendant.") (internal quotations omitted). However, jurisdictional discovery is not available to "conduct a fishing expedition in the hopes of discovering some basis" for jurisdictional arguments.

*Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002).

In support of his "good faith belief," Plaintiff notes that he is a North Carolina resident, and that Defendant has over 700 locations in and around Charlotte, North Carolina. Doc. No. 12-1 at 9. In addition, he asserts that Defendant will not be burdened by limited jurisdictional discovery. *Id.* at 12. In its opposition to remand, Defendant reports that of the 32,153 potential class members, it was able to determine the state of residence for 11,616[3] using human resources and electronic medical record data. Doc. No. 19 at 9. Of those, 56% reside in North Carolina and 34% in Georgia. *Id.* at 10. It suggests that limited jurisdictional discovery—which Plaintiff asserts he will pay for—will only reinforce what it already has shown with a subset of the putative class members—that § 1332(d)(4) does not apply—and in any event, the process proposed by the Plaintiff (reverse lookups using a third-party firm) is vague and likely to yield results that are unreliable and contradictory, given that for many of the putative members, it has only a name and date of birth. *Id.* at 11, 13. It further suggests that as a result, the Court will be bogged down with factual disputes over whether a given address is a residential address or something else. *Id.* at 12. Notably, however, Defendant does not assert that it will be prejudiced if the Court grants limited jurisdictional discovery.

Upon careful consideration of the parties' arguments and the evidence submitted in the record, the Court finds that limited jurisdictional discovery regarding class citizenship is appropriate, because Plaintiff has involuntarily lost his chosen forum and now carries the burden of proving the application of at least one CAFA exception for his remand to be granted. *See, e.g., Priselac v. Chemours Co.*, 561 F. Supp. 3d 562 (E.D.N.C. 2021). The state of residence for 64%

---

[3] This is only approximately 36% of the proposed class.

of the putative class members has not yet been identified, and discerning even some of their residential data could reasonably impact whether a CAFA exception applies. Moreover, Plaintiff has no way to obtain this information other than through discovery. Further, Defendant can—and has at least once already—gathered this information and will not be substantially prejudiced by providing it for this limited purpose.[4] Thus, Plaintiff is entitled to reasonable jurisdictional discovery that is directly relevant to the question of the residence of the putative class members for purposes of 28 U.S.C. § 1332(d).

The Court will give the parties sixty (60) days to complete the discovery, meet and confer to determine if they can agree whether either of the § 1332(d)(4) exceptions apply and, if they are unable to agree, each file with the Court a memorandum of no more than ten pages laying out their respective positions as to the applicability of the CAFA exceptions. Further, the parties are directed to promptly meet and confer and propose to the Court a protective order to safeguard the confidentiality of this information within seven days of the entry of this Order.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Limited Jurisdictional Discovery (Doc. No. 12) is **GRANTED** as described above; and

2. The Plaintiff's Motion to Remand (Doc. No. 12) is **DEFERRED**, pending the outcome of the limited jurisdictional discovery.

**SO ORDERED ADJUDGED AND DECREED.** Signed: February 13, 2025

Kenneth D. Bell
United States District Judge

---

[4] Defendant gathered data on all proposed members and was able to identify addresses for 11,616 of them. *See* Doc. No. 19.